IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CARLOS MENDEZ,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:12CV39DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Petitioner Carlos Mendez's Motion to Vacate, Set Aside, or Correct  Sentence under 28 U.S.C. § 2255.  On January 11, 2011, Petitioner was found guilty of  Felon in Possession of a Firearm, Possession of an Unregistered Short-barrel Rifle, and Possession of Methamphetamine.  On June 7, 2011, the court sentenced Petitioner to 96 months in the custody of the Bureau of Prisons and 36 months supervised release.  Petitioner did not appeal.

      In his motion, Petitioner claims ineffective assistance of counsel.  First, Petitioner claims that defense counsel failed to investigate and call certain witnesses at trial.  Second, Petitioner claims that defense counsel failed to file a notice of appeal upon his request.  An ineffective assistance of counsel claim requires Petitioner to show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).  To meet the first prong, Petitioner must show

that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Tenth Circuit has explained that "[f]or counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). To satisfy the second prong, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

**1. Trial Witnesses**

Petitioner argues that his counsel should have called three witnesses at trial: Ms. Godinez, a passenger in the car in which he was pulled over by officers, Vanessa Dominguez, his girlfriend, and an expert on eyewitness testimony.

Whether to call a particular witness is a tactical decision within the discretion of trial counsel. *United States v. Miller*, 643 F.2d 713, 714 (10th Cir. 1981). Even the decision not to call any witnesses–but rather to rely on cross examination or weak inculpatory evidence–can be considered sound trial strategy. *Aragon v. Tafoya*, 42 Fed. Appx. 255, 256 (10th Cir. 2002).

Petitioner contends that Godinez should have been called as a witness. The record, however, demonstrates that she could not be found to serve with a subpoena and, although contacted by telephone, she refused to appear. Defense counsel filed three separate motions to continue based partially on the unavailability of Godinez. The Ogden Police Department was

also unable to find Godinez.  Because she was unavailable, defense counsel admitted into evidence her statement to the police.  The decision to rely on the statement was not unreasonable.  Godinez's statement was helpful whereas her actual testimony could have been damaging.  In *United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir. 1986), the court found that the failure to call two witnesses who had provided police with favorable statements was not ineffective assistance of counsel.  The court recognized that given the possibility of harmful statements, the inherent problem of credibility, and vulnerability on cross-examination, "it is at least as reasonable, and maybe more so, to speculate that those witnesses would have damaged defendant's case."  Accordingly, the court concludes that it was not unreasonable for defense counsel to rely on Godinez's statement.  Even if she had testified, Petitioner has not demonstrated how her live testimony could have changed the outcome.

     Next, Petitioner contends that defense counsel should have called Vanessa Dominguez, his girlfriend, because she could have testified as to a motive for Officer Johnson lying about Petitioner's conduct.  Petitioner alleges that Dominguez and Johnson went to junior high school together and that, at some point, Johnson was affectionately interested in her.  Petitioner also states that Johnson's continued interest in Dominguez can be inferred from the fact that Johnson's sister sent a text message to Dominguez commenting on Petitioner's trial.

     The United States argues that Petitioner has failed to demonstrate what Dominguez would have stated that would have discredited the other evidence against him and merely claiming that his girlfriend would discredit the testimony of a government witness is not enough to demonstrate the likelihood of a different outcome.  At best, the United States asserts that

Dominguez's testimony would have been a plausible line of defense which need not be pursued in order to establish an effective defense. The court agrees that it was not an unreasonable strategy not to call Petitioner's girlfriend in an attempt to discredit Johnson. Moreover, as with Godinez, Dominguez would have been subjected to cross examination that could have been damaging to Petitioner's case. Therefore, the court finds no basis for concluding that there was ineffective assistance of counsel based on counsel's decision not to call Dominguez as a witness.

Petitioner also argues that his counsel was ineffective for failing to call an eyewitness expert to describe how Johnson could have been mistaken in what he saw. Johnson testified that he saw Petitioner with an object and heard it drop. He stated that he found the gun right where he saw Petitioner first attempt to jump over the fence and that the gun was dry, unlike everything around it. The property owner also testified that the gun could not have been there before.

There is no basis for concluding that the jury needed an expert witness to sort through the information. Defense counsel conducted a thorough and skilled cross examination of Johnson. Counteracting eyewitness testimony with cross examination is generally a reasonable trial strategy. *United States v. Rucker*, 2007 WL 29900545, at *7 (D. Kan. Oct. 11, 2007). In this case, based on the strength of the cross examination and the other evidence supporting Johnson's testimony, it is unlikely that a separate eyewitness expert would have changed the outcome at trial. Accordingly, the court concludes that Petitioner has not demonstrated that defense counsel's decision not to call an eyewitness expert constituted ineffective assistance of counsel.

The court does not believe that an evidentiary hearing is necessary as to any of the claims relating to witnesses. Accordingly, the court denies Petitioner's § 2255 motion to the extent that

it is based on defense counsel's failure to call certain witnesses.

**2. Appeal**

The United States agrees with Petitioner that he is entitled to an evidentiary hearing on his claim that defense counsel was ineffective because he failed to file a notice of appeal. The claim necessarily involves questions of fact relating to whether Petitioner, in fact, requested his counsel to file a notice of appeal and what Petitioner and counsel concluded regarding the filing of an appeal.

Petitioner previously moved the court to appoint counsel, which the court denied as unnecessary at the time it was filed. However, the court must now reconsider that motion due to the necessity for an evidentiary hearing. Under 28 U.S.C. § 2255(g), the court's decision to appoint counsel for a § 2255 motion is governed by 18 U.S.C. § 3006A. Under 18 U.S.C. § 3006A, the court has discretion to appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2255 petition. *See* 18 U.S.C.A. § 3006A(a)(2)(B). The interests of justice require appointment of counsel at this stage of the case. Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Therefore, the court grants Petitioner counsel to assist him with the evidentiary hearing on this claim.

The Clerk of Court is directed to forward this Order to the appropriate Magistrate Judge, who is directed to appoint counsel for Petitioner under 18 U.S.C. § 3006A(a)(2)(B). According to the rules governing § 2255 motions, once counsel is appointed, the court will "conduct the

hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." R. 8(c), Rules Gov. § 2255 Proc. U.S. Dist. Ct.

## CONCLUSION

Based on the above reasoning, Petitioner § 2255 motion is DENIED as to his claim that counsel was ineffective in not calling certain witnesses at trail. However, as to Petitioner's claim that counsel was ineffective in failing to file a notice of appeal, Petitioner is entitled to an evidentiary hearing. The Clerk of Court is directed to forward this Order to the appropriate Magistrate Judge, who is directed to appoint counsel for Petitioner under 18 U.S.C. § 3006A(a)(2)(B). The court will then conduct the hearing as soon as practicable after the attorneys have adequate time to investigate and prepare.

DATED this 13th day of November, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge